BILL R. CANADY v. JAMES HARDIN AND CHARLES ALLEN

No. 8425SC16

(Filed 6 November 1984)

Insurance § 2.2— insurance agents—failure to inform—insufficient evidence of unfair trade practice and negligence

Summary judgment was properly entered for defendant insurance agents in an action to recover damages for an unfair trade practice and negligence in failing to inform plaintiff, the owner of a business, that insurance on the life of his wife, who was a vice-president of the business, might be "questionable" because of a requirement that all persons eligible for coverage work at least twenty hours per week in the business where defendants presented materials establishing that they had no knowledge that plaintiff's wife worked less than twenty hours per week for plaintiff's business, and plaintiff failed to present evidence that defendants did have such knowledge. G.S. 75-1.1.

Judge PHILLIPS concurring in result.

APPEAL by plaintiff from *Ferrell, Judge.* Judgment entered 10 September 1983 in Superior Court, CATAWBA County. Heard in the Court of Appeals 16 October 1984.

This is a civil action wherein plaintiff, as beneficiary, seeks to recover treble damages allegedly resulting from the acts and omissions of the defendants in issuing a life insurance policy ostensibly covering plaintiff's wife.

The pertinent allegations in plaintiff's complaint, except where quoted, are summarized herein: plaintiff Bill Canady is the owner of Quality Pillow Limited. Defendants contacted plaintiff "for the purpose of providing insurance coverage to Quality," and presented a plan that included medical, life, and accidental death coverage. Doris Canady, plaintiff's wife and Vice-President of Quality Pillow, was ostensibly covered under the plan, and plaintiff was her designated beneficiary. Mrs. Canady died in a car accident in July 1981, and plaintiff filed a claim for $50,000 with Equitable Life Assurance Society of the United States, "the insurance company which was provided to the Plaintiff by the Defendants." The insurance company denied the claim. Plaintiff further alleged the following:

(6) The Defendants at no time indicated to the Plaintiff that coverage of Doris Canady was dependent on Doris Canady working 20 hours or more per week;

. . .

(8) That coverage was provided to Doris Canady when the Defendants knew that she was a full time employee of another corporation;

. . .

(14) The Defendants knew that the coverage which they were providing on the life of Doris Canady was questionable and could be denied. . . .

(15) The Defendants knew or should have known that Doris Canady could have been covered under a family plan with Bill Canady;

(16) The Defendants intentionally failed to inform Bill Canady that the coverage provided to Doris Canady would fail and be denied for the sole purpose of selling a policy to Quality;

(17) The acts of the Defendants constitute unfair business practices under the laws of the State of North Carolina and entitle Bill Canady to treble damages and reasonable attorney's fees under Chapter 75 of the General Statutes.

Defendants filed an answer in which they admitted that Mrs. Canady was plaintiff's wife and Vice-President of Quality Pillow, that she died in July 1981, that plaintiff was her designated beneficiary, and that Equitable denied plaintiff's claim for benefits under the policy. Defendants denied that they knew the coverage on Mrs. Canady was "questionable," and that they intentionally failed to inform plaintiff of this fact. Defendants further responded that, while they did not recall discussing with plaintiff the requirement that all persons eligible for coverage work at least twenty hours per week, this eligibility requirement was clearly set out in "certificate booklets" furnished to plaintiff by defendants "for distribution to all employees of Quality who were to be covered."

On 25 July 1983 defendants filed a motion for summary judgment, contending that "the pleadings and discovery filed in this cause demonstrate conclusively that either that [sic] Doris L. Canady did work the requisite number of hours or that the number of hours worked by Doris L. Canady was misrepresented to the defendants." Defendants' motion for summary judgment was supported by the following materials:

1. A judgment entered 5 January 1983 in United States District Court, Western District, in the case of *Bill R. Canady v. The Equitable Life Assurance Society of the United States*, granting summary judgment for Equitable "because the purported insured, Doris Canady, was not an employee eligible for coverage under the terms of the group insurance plan issued by the Defendant to Quality Pillow, Ltd."

2. Defendants' First Set of Requests for Admissions to Plaintiff.

3. Excerpts from a deposition of plaintiff taken in connection with the suit brought by plaintiff in federal court.

4. The verified complaint filed by plaintiff in connection with the suit brought by plaintiff in federal court.

5. A copy of a form termed an "acceptance and payroll deduction authority," that bears what appears to be Doris Canady's signature.

6. Affidavits by each defendant.

Plaintiff opposed defendants' motion for summary judgment with two affidavits, one signed by him and one signed by Crystal Travis, Quality Pillow's office manager. On 10 September 1983 the court entered summary judgment for both defendants. Plaintiff appealed.

*Curt J. Vaught for plaintiff, appellant.*

*Fairley, Hamrick, Monteith & Cobb, by S. Dean Hamrick, for defendants, appellees.*

HEDRICK, Judge.

Assuming *arguendo* that plaintiff, as beneficiary of the life insurance policy issued on the life of his wife, has alleged a claim for relief against these defendants for unfair business practices under N.C. Gen. Stat. Sec. 75-1.1, fraud, or negligence, we hold the trial court properly entered summary judgment for the defendants. When the defendants, in support of their motion for summary judgment, filed evidentiary matter establishing that they had no knowledge that plaintiff's wife worked less than twenty hours per week for Quality Pillow, the burden shifted to the plaintiff to file evidentiary matter tending to show that the defendants *did* have such knowledge, since plaintiff's entire claim is based on his contention that defendants owed him a duty of advising him that coverage of his wife under the circumstances was "questionable." Plaintiff's burden, under the circumstances of this case, is not satisfied by his own affidavit, which fails to address the material issue of whether defendants had knowledge of facts rendering coverage of Mrs. Canady questionable. Allegations in the affidavits filed by plaintiff, bringing into question whether Mrs. Canady actually signed the insurance form submitted into evidence by defendants, do not raise a material issue of fact as to defendants' duty to inform plaintiff that coverage on Mrs. Canady was "questionable." Finally, we note that plaintiff, as President of Quality Pillow and husband of the deceased, was in a much better position than defendants to know whether his wife worked less than twenty hours a week so as to render her ineligible for coverage under the policy. We further note that, in the action brought by plaintiff in federal court, plaintiff repeatedly contended his wife was eligible under the policy because she worked for Quality Pillow more than twenty hours a week. Plaintiff will

not now be heard to claim that defendants breached any duty by failing to inform him that her coverage was "questionable" because she worked fewer than twenty hours per week. In our opinion, the record establishes an insurmountable bar to any claim against these defendants for violation of N.C. Gen. Stat. Chap. 75, fraud, or negligence. Summary judgment for defendants is

Affirmed.

Judge BECTON concurs.

Judge PHILLIPS concurs in the result.

Judge PHILLIPS concurring in the result.

I agree that under the circumstances recorded it was incumbent upon the plaintiff to come forward and show that he had evidence that defendants knew what Mrs. Canady's situation was and that they were obligated to obtain a policy that covered it, and that plaintiff's affidavits failed to make any such showing. But that plaintiff was in a better position than defendants to know what Mrs. Canady's situation was and apparently told a different story when he sued the insurance company in federal court has nothing whatever to do with the question before us, in my opinion. Such matters relate only to plaintiff's credibility, which is not for us to determine.